David P. Billings, A11510
Matthew L. Anderson, A7459
Jeffrey C. Bramble, A15548
Hilary R. Adkins, A18296
**FABIAN VANCOTT**
95 South State Street, Suite 2300
Salt Lake City, Utah 84111
Telephone:    (801) 531-8900
Facsimile:    (801) 596-2814
dbillings@fabianvancott.com
manderson@fabianvancott.com
jbramble@fabianvancott.com
hadkins@fabianvancott.com
*Attorneys for Creditor CheckerProp Utah 199 East, LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| In re:<br><br>JASON KENT GIBSON, and<br><br>HEATHER LANI GIBSON,<br><br>Debtors. | Case No. 25-21106<br><br>Chapter 13<br><br>Judge Peggy Hunt |
|---|---|

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Pursuant to 11 U.S.C. § 362(d), Creditor CheckerProp Utah 199 East, LLC ("**Movant**") respectfully moves the Court for entry of an order granting relief from the automatic stay to allow it to resume proceedings in the underlying state court action, where the debtor Heather Gibson ("**Debtor**"), is a named defendant. Movant seeks this relief solely to proceed with post-judgment discovery and enforcement efforts against Debtor's co-defendant Kristin Butcher ("**Ms. Butcher**"), including collection of court-awarded attorneys' fees and costs and augmentation of fees. In support of this Motion, Movant states as follows:

**JURISDICTION AND VENUE**

1. Movant Checkerprop Utah 199 East, LLC is a Delaware limited liability company with operations and real property located in Davis County, State of Utah.

2. Debtor Heather Gibson resides in the State of Utah.

3. On March 7, 2025 Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code.

4. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G). Venue in this Court is proper pursuant to 28 U.S.C. § 1409.

**STATEMENT OF FACTS**

5. Movant is the owner and landlord of commercial real property located at 210 East 2150 North, Layton, Utah (the "**Premises**").

6. On May 7, 2021, Movant entered into a Lease (the "**Lease**") with Ms. Butcher.

7. As a material condition of entering the Lease, Butcher and Debtor each executed a personal guaranty in favor of Movant, jointly and severally agreeing to guaranty the Ms. Butcher's performance under the Lease (the "**Guaranties**").

8. The Lease was executed by Ms. Butcher as the tenant. Debtor did not sign the Lease but signed only a personal guaranty.

9. On January 7, 2022, Movant filed a Complaint in the Second Judicial District Court, Davis County, State of Utah, against Ms. Butcher and Debtor to recover unpaid rent and other amounts due under the Lease. *See* Case No. 230500223.

10. On May 17, 2022, the Utah District Court entered a Default Judgment in favor of Movant and against Ms. Butcher and Debtor in the amount of $32,264.71. *See id.* at Dkt. No. 16.

11. On June 14, 2022, Ms. Butcher and Debtor filed a Motion to Vacate, seeking to set aside the Default Judgment. *See id.* at Dkt. No. 19.

12. Ms. Butcher's and Debtor's appeal concluded, and no further appeal has been filed.

13. In connection with defending the Motion to Vacate and subsequent appeal, Movant incurred $29,512.12 in attorneys' fees and costs.

14. On January 9, 2025, Movant filed a Motion for Attorney Fees and to Augment Judgment to include these additional amounts. *See id.* at Dkt. No. 61.

15. The Judgment remains unsatisfied. No payments have been made, and the full amount remains due and owing.

16. Movant lacks sufficient information about Ms. Butcher's and Debtor's assets to pursue full collection of the Judgment.

17. On March 5, 2025, Movant filed a Motion for Leave to Conduct Post-Judgment Discovery. *See id.* at Dkt. No. 71.

18. On March 7, 2025, Debtor filed for bankruptcy.

19. On April 11, 2025, Debtor filed a Notice of Bankruptcy and Notice of Automatic Stay with the State Court. *See id.* at Dkt. No. 82.

20. As a result, on April 14, 2025, the State Court issued a Memorandum Decision Denying Movant's Motion for Leave to Conduct Post-Judgment Discovery, citing the automatic stay triggered by the bankruptcy filing. *See id.* at Dkt. No. 84.

21. However, in that same April 14, 2025 Memorandum Decision, the State Court included a footnote stating: "The Court notes that the Motion also seeks discovery from the other Defendant, Ms. Butcher. If [Movant] wishes to pursue discovery while [Debtor's] bankruptcy

proceeds, it must file a motion to lift stay pertaining to Ms. Butcher to assure that any discovery would not affect or relate to [Debtor's] bankruptcy matter." *Id.*

22. A hearing on Movant's Motion to Augment the Judgment had been scheduled for July 7, 2025, but was vacated due to the bankruptcy filing and the resulting stay.

23. Due to the automatic stay, Movant is currently unable to pursue any collection efforts—even against Ms. Butcher.

24. However, collection efforts against the Debtor are not immediately necessary, as she was only a guarantor under the Lease and not the primary obligor.

25. Movant seeks relief from the stay solely to proceed with post-judgment discovery and collection efforts against Ms. Butcher.

## **ARGUMENT**

26. "While cause under § 362(d)(1) includes 'the lack of adequate protection' of an interested party in property, it is not so limited. Because 'cause' is not further defined in the Bankruptcy Code, relief from stay for cause is a discretionary determination made on a case-by-case basis." *In re Carbaugh*, 278 B.R. 512, 525 (10th Cir. BAP 2002) (citation omitted). *See also* H.R. Rep. No. 595, 95th Cong., 1st Sess. 343-44 (1977) ("[L]ack of adequate protection . . . is one cause for relief [from the automatic stay] but not the only cause. The facts of each request will determine whether relief is appropriate under the circumstances.").

27. It is also important to note that the party opposing relief from the automatic stay carries the burden of proof on all issues, except for the debtor's equity in the property. *See In re Highcrest Management Co.,* 30 B.R. 776, 778 (Bankr. S.D.N.Y. 1983) (citing 11 U.S.C. § 362(g)).

28. Courts frequently look to legislative history to guide the interpretation of "cause" under section 362(d)(1), noting that cause may include "the lack of any connection with or

interference with the pending bankruptcy case." *In re Curtis*, 40 B.R. 795, 799 (Bankr. D. Utah 1984) (citing H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 343–44 (1977), 1978 U.S.Code Cong. & Admin.News, p. 6300. *See also* S.Rep. No. 95–989, 95th Cong., 2d Sess. 52 (1978), 1978 U.S.Code Cong. & Admin.News, p. 5838. A matter "bear[ing] no relation to the bankruptcy case" should not remain stayed. *Id.* ("The legislative history of Section 362(d)(1) thus suggests that Congress intended to limit relief from the stay to a fairly narrow category of circumstances bearing little relationship to the bankruptcy case or to the purpose of the stay.").

29. Cause exists under section 362(d)(1) to lift the stay as it related to Ms. Butcher so that Movant may resume its post-judgment discovery and collection efforts to recover court-awarded fees and costs. *See In re Busch*, 294 B.R. 137, 141 (10th Cir. BAP 2003) ("Twelve factors were identified in [*In re Curtis*, 40 B.R. 795] as <u>some</u> of the issues a bankruptcy court <u>might</u> consider when determining whether to lift the stay to permit pending litigation in another forum." (emphasis added)). "The *Curtis* factors have long provided guidance in assessing the merits of a motion for relief from stay to allow the continued prosecution of litigation pending at the time of the bankruptcy filing. *Curtis* applies a multi-factor analysis without a single dipositive factor." *In re VidAngel, Inc.*, 593 B.R. 340, 345-46 (Bankr. D. Utah 2018) (Anderson, J.) (footnotes omitted).

30. "The fact that certain *Curtis* factors are not implicated or are neutral (e.g., insurance coverage, third-party exposure) does not make lifting the stay inappropriate. The *Curtis* factors are to be used as guidepost." *Id.* at 346 n.32 (citing *In re Curtis*, 40 B.R. at 799). *Accord In re Pence*, 581 B.R. 654, 666 (Bankr. D. Utah 2018) (Thurman, J.) ("There are a number of [*Curtis* factors], and the Court will discuss only those factors that bear directly on this situation.")

31. The first *Curtis* factor is whether granting relief will result in a partial or complete resolution of the issues, and the eleventh factor considers whether relief would promote judicial

economy and the expeditious determination of litigation. *See In re VidAngel, Inc.*, 593 B.R. at 346 ("The presence of pending litigation at the time of a bankruptcy filing is not uncommon. When the causes of action are based on non-bankruptcy law, and the litigation was beyond its initial stages, bankruptcy courts generally grant relief from stay to allow the court with original jurisdiction to liquidate the claim for purposes of administration in the bankruptcy case.")

Here, the underlying state court litigation has already been fully adjudicated, and all that remains is enforcement of the judgment. If Ms. Butcher satisfies the judgment through post-judgment discovery and collection, Movant's claims against Debtor will be resolved without burdening this Court. And if recovery from Ms. Butcher proves unsuccessful, lifting the stay will still serve judicial economy by enabling Movant to determine the precise amount of the claim and present a liquidated figure to the bankruptcy court for administration. Either way, lifting the stay promotes resolution, avoids duplicative proceedings, and streamlines the process for all parties.

Moreover, Ms. Butcher—not the Debtor—is the party who executed the Lease and is the primary obligor under it. The Debtor signed only a personal guaranty. Therefore, proceeding against Ms. Butcher does not merely avoid impacting the estate, it targets the proper party under the contract. Any attempt to collect from Ms. Butcher is not a disguised collection against Debtor but a legitimate enforcement of the Lease against its actual signatory.

32. The second *Curtis* factor is whether the action lacks any connection with or interference with the bankruptcy case. "[11 U.S.C. § 362(d)] applies only to debtors, not codebtors, a well-established rule recognized by courts and commentators." *Sur. Life Ins. Co. v. Rupp*, 833 P.2d 366, 369 (Utah Ct. App. 1992), *overruled on other grounds by Sur. Life Ins. Co. v. Smith*, 892 P.2d 1 (Utah 1995) (citing *Williford v. Armstrong World Indus.,* 715 F.2d 124, 126 (4th Cir.1983) (insulation of automatic stay "belongs exclusively to the 'debtor' ")).

Movant is not seeking relief against the Debtor, but only as to Ms. Butcher—a non-debtor for these bankruptcy purposes. *See Sec. & Exch. Comm'n v. Am. Pension Servs., Inc.*, No. 214CV00309RJSDBP, 2015 WL 12860498, at *10–11 (D. Utah Dec. 23, 2015), *aff'd sub nom. Sec. & Exch. Comm'n v. DeYoung*, 850 F.3d 1172 (10th Cir. 2017) ("the automatic stay will apply to non-debtors only when a claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate." (internal citations and quotations omitted)).

Additionally, the State Court recognized the unique posture of this case in its April 14, 2025 Memorandum Decision. In a footnote, the court expressly stated: "If [Movant] wishes to pursue discovery while [Debtor's] bankruptcy proceeds, it must file a motion to lift stay pertaining to Ms. Butcher to assure that any discovery would not affect or relate to [Debtor's] bankruptcy matter." The very court overseeing the underlying matter has signaled that post-judgment discovery against Ms. Butcher is permissible—so long as this Court grants appropriate relief. That acknowledgment further underscores the narrow scope and propriety of the relief sought here.

33. The seventh *Curtis* factor considers whether litigation in another forum would prejudice the interests of other creditors. Any recovery will come solely from Ms. Butcher, not the Debtor. Further, Movant cannot enforce any judgment against Debtor without permission from this Court. *See, e.g., In re Loudon,* 284 B.R. 106, 108 (8th Cir. BAP 2002); *In re G.S. Distrib., Inc.,* 331 B.R. 552, 567-68 (Bankr. S.D.N.Y. 2005) (finding that granting stay relief to movant to pursue litigation in district court would not prejudice the debtor's other creditors because the movant would not be able to enforce any money judgment it may receive without permission from the court).

34. "The easiest ground for determining that 'cause' exists in favor of an unsecured creditor is when the creditor seeks to recover from nonestate property, such as under an insurance

7

or indemnity agreement." *In re Borbidge,* 81 B.R. 332, 335 (Bankr. E.D. Pa. 1988). That is precisely the case here. Movant seeks recovery solely from a non-debtor co-obligor—Ms. Butcher—not from the estate property at issue in the bankruptcy case.

35. There is no basis to extend the automatic stay to Ms. Butcher under 11 U.S.C. § 105(a). Courts routinely deny requests to extend the stay to solvent co-defendants unless there is an extraordinary showing of intertwined legal claims or indemnification obligations directly implicating the estate. *See Millrock Inv. Fund 1, LLC v. Healthcare Sols. Mgmt. Grp., Inc.*, No. 2:23-CV-000157, 2024 WL 3069227, at *1 (D. Utah June 20, 2024) (unpublished) (cleaned up) ("As a general rule, the stay provision does not extend to solvent codefendants of the debtor."). No such showing exists here. The claims against Ms. Butcher are straightforward, post-judgment enforcement efforts against a non-debtor obligor. Allowing them to proceed poses no risk to the Debtor or her estate.

36. The twelfth *Curtis* factor—the impact of the stay and the "balance of hurt"—also supports granting relief. The underlying state court case has been fully resolved, including an award of attorneys' fees and costs. Only Movant's ability to collect that judgment has been impeded. Ms. Gibson, the Debtor, will not be harmed because collection efforts will be directed solely at Ms. Butcher. Movant is not seeking to enforce the judgment against the Debtor at this time and will pursue recovery exclusively from Ms. Butcher while the Debtor's bankruptcy case remains pending. If those efforts are ultimately unsuccessful, Movant understands it must return to this Court to address any remaining balance through the bankruptcy process. Until then, no other parties or creditors will be affected—only Movant bears the risk of non-collection.

37. As noted in *Curtis*, "[t]he most important factor [] is the effect of such litigation on the administration of the estate. Even slight interference with the administration may be enough to

8

preclude relief in the absence of a commensurate benefit." 40 B.R. at 806. Here, where judgment has already been entered and enforcement is being sought only against a non-debtor, any interference with the estate's administration is negligible, if not nonexistent.

## **CONCLUSION**

Based on the foregoing, Movant respectfully submits that cause exists to lift the automatic stay so that it may resume their litigation in state court against Ms. Butcher, so that they may collect from Ms. Butcher and liquidate its claim against Debtor to the extent its claims exceed what it obtains from Ms. Butcher.

DATED this 20th day of August, 2025.

*/s/ David P. Billings*
David P. Billings
Matthew L. Anderson
Jeffrey C. Bramble
Hilary R. Adkins
FABIAN VANCOTT

Attorneys for Creditor CheckerProp

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of August, 2025, I caused a true and correct copy of the foregoing **MOTION FOR RELIEF FROM STAY** to be filed with the Clerk of the Court via the Court's ECF which sent notice of such filing to all counsel of record entitled to receive such notice.

*/s/ David P. Billings*
